UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY WAYNE MCCLOUD                                                PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:08CV581-RHW

DAVID ALLISON                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Allison's [28] Motion to Dismiss or for Summary Judgment. Plaintiff Johnny Wayne McCloud, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging unconstitutional conditions of confinement, inadequate medical care, and excessive force. The Court conducted a screening hearing and entered a scheduling order. Plaintiff has not responded to Defendant's discovery requests, nor has Plaintiff filed a response in opposition to the pending dispositive motions. During the screening hearing, the Court directed Plaintiff to amend his complaint to add any allegations that he might have against Pearl River County. Despite these instructions, Plaintiff failed to file an amended complaint; therefore, Pearl River County has not been served and is not a party to this lawsuit.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action

does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

### **(1) Unconstitutional Conditions of Confinement**

Plaintiff alleges that the conditions at the Pearl River County Jail are unconstitutional. In his complaint he alleges that he did not have clean drinking water; there was no cleaning allowed on weekends; the food was cold; there was standing water in the showers; the toilets leaked; there was mold on the walls; there was no communication with legal counsel; jail

2

personnel mishandled mail; he was only allowed to go outside five times per month; the telephone was frequently broken; and the jail lacked proper ventilation. At the screening hearing, Plaintiff clarified various issues. For example, he explained that the drinking water was clean, but that he had to drink water from the sink; therefore, it was not cold. He conceded that the jail was cleaned five days a week. He merely complains that it was not cleaned on weekends. Plaintiff stated that he was represented by counsel in his criminal proceedings and was permitted to communicate with defense counsel; however, he complains that he was not able to speak to a lawyer about the constitutional allegations raised in the instant § 1983 lawsuit. As for the mishandling of mail, he indicated that the mail would always be delivered three or four days late. The poor ventilation he alleged resulted in the jail being "muggy like".

The Constitution does not require that inmates be housed in comfortable prisons; however, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded humane conditions of confinement and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious, i.e. an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"; and (2) that the prison official possessed a sufficiently culpable state of mind. *Id.* The required state of mind is one of deliberate indifference to inmate health or safety. *Id.* Deliberate indifference is established by showing that prison officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such

3

potential for harm existed. Pursuant to 42 U.S.C. § 1997e(e), an inmate may not recover for emotional or mental damages without a showing of a specific physical injury. *Id.* at 665.

Plaintiff is not entitled to a "comfortable prison". *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). He has failed to allege conditions of confinement that result in the denial of "the minimal civilized measure of life's necessities". Plaintiff does not allege anything that resembles a constitutional violation. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk"). For the most part, Plaintiff's allegations are frivolous–such as his complaints that the water was not cold, the food was not hot, and the mail arrived three or four days late. Moreover, Plaintiff fails to demonstrate that Sheriff Allison should be held liable in his individual capacity for any injury resulting from the conditions of confinement at the jail. Specifically, Plaintiff fails to allege that Allison possessed the requisite state of mind or that he imposed particular conditions as a form of punishment. *See Herman*, 238 F.3d at 664; *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996).

The Court further finds that Plaintiff's claims of unconstitutional conditions of confinement are moot, because he is no longer incarcerated at the Pearl River County Jail and has not been at the Pearl River County Jail since October of 2008. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).

**(2) Excessive Force**

Plaintiff alleges that during a "shakedown" he was forced to lie face down for approximately three hours and was repeatedly tasered. At the screening hearing, he stated that he

4

was tasered "about twice". Plaintiff alleges that he suffered chest pain and numbness in his right arm and hand resulting from the incident. However, at the screening hearing, when asked what "lasting injuries" he suffered as a result of the incident, Plaintiff did not mention chest pain or numbness. In fact at the screening hearing, Plaintiff neglected whatsoever to mention chest pain or numbness in his right extremity. Plaintiff merely stated that his knees were skinned up, he had grime and grit in his forehead, and that the taser left marks on his back. The injuries lasted for about a week. He denied having any other lasting effects from the alleged incident of excessive force.

To prevail on an excessive force claim, Plaintiff must show an (1) injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). As an initial matter, it is questionable whether Plaintiff has identified anything more than a *de minimis* injury. Nevertheless, Plaintiff admits that Sheriff Allison did not participate in the "shakedown" and was not present at the jail the morning of June 18, 2008, when the incident occurred. Plaintiff has not alleged any personal involvement by Sheriff Allison in the episode of alleged excessive force, nor any causal connection between any wrongdoing by Sheriff Allison and the alleged constitutional deprivation. Consequently, Sheriff Allison cannot be liable for excessive force. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Nor may Sheriff Allison be held liable for the unconstitutional conduct of his subordinates under a theory of *respondeat superior*. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Likewise, Plaintiff has not alleged supervisory liability in that Defendant somehow sanctioned or could have

5

prevented the incident in question. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-50 (2009) (explaining the limits of supervisory liability). Plaintiff clearly indicated at the screening hearing that he did not wish to pursue claims against the officers who participated in the "shakedown". The Court finds that Plaintiff has failed to state a claim against Sheriff Allison for excessive force.

### (3) Inadequate Medical Care

Plaintiff alleges that he received inadequate medical care while at the Pearl River County Jail. Specifically, Plaintiff mentioned problems with headaches and nose bleeds, cuts and scrapes resulting from the taser incident mentioned above, and a staph infection.

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

There is nothing in the record to indicate that Sheriff Allison was aware of any of Plaintiff's medical conditions. When questioned at the screening hearing, Plaintiff did not identify any knowledge or failure to treat on Sheriff Allison's part. Even if Sheriff Allison had been aware of any of these conditions, the record indicates that jail officials were not indifferent

to his needs.  To the contrary, a review of the medical record reveals that Plaintiff has received extensive treatment for a variety of complaints and ailments.  For example, he was examined by medical personnel when he complained about his staph infection, headaches, and nose bleeds.  Plaintiff concedes that he was given Tylenol for his headaches and that medical personnel ran tests at the hospital and "authorized some other kind of medication".  The inmate medical record reveals that Plaintiff has been administered medications on numerous occasions.  Jail personnel transported Plaintiff to the hospital for a chest x-ray on September 15, 2008, and a CT scan of his chest on September 26, 2008 because of Plaintiff's complaints of chest pain and numbness in his arm.  Based on the foregoing, the Court finds that there is no genuine issue of material fact as to whether Sheriff Allison was deliberately indifferent to Plaintiff's medical needs.

The Court finds that Defendant's [29] Motion for Summary Judgment is GRANTED, and that Plaintiff's lawsuit is dismissed with prejudice.

SO ORDERED, this the 30th day of September, 2009.

s/ *Robert H. Walker*  
UNITED STATES MAGISTRATE JUDGE
